CLARK, APPELLANT, *v.* NATIONWIDE INSURANCE COMPANY, APPELLEE.

[Cite as *Clark v. Nationwide Ins. Co.* (1994), 68 Ohio St.3d 365.]

(No. 92–2583—Submitted January 12, 1994—Decided March 2, 1994.)

*Daniel J. Igoe,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt, John M. Gonzales* and *William H. Jones,* for appellee.

The judgment of the court of appeals is reversed on the authority of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, and the cause is remanded to the trial court for application of *Savoie.*

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately. I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

WRIGHT, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in *Savoie,* that holding lacks sound reasoning, reverses ten years of established case law and flouts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.